```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/17/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

              -against-

Sir Murray,

                         Defendant.

1:22-cr-00076 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is an application by Defendant Sir Murray ("Murray" or "Defendant") for bail pending trial. (Def.'s 2/6/23 Ltr. Mot., ECF No. 36.) For the reasons set forth below, Murray's application is DENIED.

## BACKGROUND

On February 7, 2022, a Sealed Indictment was filed in this case charging Murray with obstruction of justice and conspiracy to obstruct justice. (*See* Indictment, ECF No. 2.) He was charged with, during the November to December 2021 timeframe, offering a bribe and making threats to another person ("Victim-1") who testified at the federal trial of a particular individual in this Court for the purpose of inducing Victim-1 to falsely recant such testimony.[1] (*See id.* ¶ 1.) On February 9, 2022, Murray was arrested in the Northern District of New York and the Indictment was unsealed.

On February 10, 2022, Murray appeared before Magistrate Judge Hummel in the Northern District of New York and, following a bail hearing, Murray was detained pending his

---

[1] Murray had been released from state custody in June 2021 after serving a lengthy prison sentence and was on parole at the time of the alleged acts.

transfer to this Court. (*See* 2/10/22 Tr., ECF No. 38-1, at 17.) On February 23, 2022, Murray was presented in this Court and was detained on consent without prejudice to making a future bail application. (*See* 2/23/22 Minute Entry, ECF No. 10.)

On February 6, 2023, Murray filed the bail application now before the Court. (*See* Def.'s 2/6/23 Ltr. Mot.) On February 7, 2023, the Honorable Lorna Schofield referred Murray's application to the Magistrate Judge on duty. (*See* 2/7/23 Order, ECF No. 37.) On February 15, 2023, the Government filed its opposition to Murray's application. (*See* Gov't 2/15/23 Resp., ECF No. 38.) On February 16, 2023, Murray filed a reply. (*See* Def.'s 2/16/23 Reply, ECF No. 39.) On February 17, 2023 a bail hearing was held.

## **LEGAL STANDARDS**

The Eighth Amendment to the Constitution states that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII. The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. §§ 3141 *et seq.*, sets out the standard under which a defendant can be held without bail pursuant to a criminal indictment. Pursuant to the Act, "[t]he judicial officer shall order the pretrial release of [a defendant] on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court . . ., unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). In addition, following a hearing, the judicial officer must order detention of the defendant before trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A

finding of dangerousness must be supported by clear and convincing evidence." *United States v. Epstein*, 425 F. Supp. 3d 306, 312 (S.D.N.Y. 2019).

The Bail Reform Act provides a list of four factors for the Court to consider in making the determination as to whether a defendant is a flight risk or a danger to any person or to the community, stating in pertinent part:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## **ANALYSIS**

The Court considers each of the required factors below.

First, "the nature and circumstances of the offense charged," 18 U.S.C. § 3142(g)(1), are very serious. Murray is charged with tampering with a witness in a criminal proceeding in this Court.

Second, as laid out by the Government in its submission (*see* Gov't 2/15/23 Resp. at 1-5, 8), and during the bail hearing, "the weight of the evidence against the [Defendant]," 18 U.S.C. § 3142(g)(2), is considerable. For example, the Government puts forth Instagram messages sent by Murray that it contends reflect witness tampering. (*See* Gov't 2/15/23 Resp. at 2-3.) However, defense counsel argues that, viewing all the Instagram messages in context,[2] the Government does not have "a strong case." (*See* Def.'s 2/16/23 Reply at 2-3; *see also* Def.'s 2/6/23 Ltr. Mot. at 2-3.)

There is "difficulty inherent in assessing the Government's case before trial, and [the Court] is mindful not to reach any conclusions about [Defendant's] guilt or innocence." *United States v. Fama*, No. 13-CR-00234 (JFK), 2013 WL 2467985, at *3 (S.D.N.Y. June 7, 2013). "Indeed, some courts have described the weight of the evidence factor as the 'least important' of the § 3142(g) factors for these reasons." *Id*. (citations omitted). The Court need not and does not determine the import and meaning of the various Instagram messages[3] and other evidence. The Bail Reform Act requires the Court to consider the evidence in terms of the likelihood that Defendant will pose a danger. As explained below, the Court concludes that the weight of the evidence clearly and convincingly establishes such a likelihood.

---

[2] Defense counsel sent the Court by email "all of the text messages between Mr. Murray and the witness and her boyfriend." (*See* Def.'s 2/16/23 Reply at 1.)

[3] The Court notes, however, that even defense counsel admits that the messages sent by Defendant "offer a veneer of wrongfulness." (*See* Def.'s 2/6/23 Ltr. Mot. at 2.)

Third, Defendant's "history and characteristics," 18 U.S.C. § 3142(g)(3), weigh in favor of detention. As Magistrate Judge Hummel noted in the February 10, 2022 bail hearing, the Defendant has an extensive history of violent crime. (*See* 2/10/22 Tr at 15-16.)

Fourth, "the nature and seriousness of the danger to . . . the community that would be posed by [Defendant's] release," 18 U.S.C. § 3142(g)(4), is significant. Defendant was on parole when he tampered with Victim-1. If released, Defendant will have an even stronger incentive to attempt to tamper yet again, now that his own freedom is at stake.

Taking all the foregoing into account, the Court finds there are no conditions or set of conditions that could be set which would assure the safety of the community.[4]

## CONCLUSION

For the foregoing reasons, Defendant's application for bail pending trial is DENIED.

**SO ORDERED.**

Dated:  February 17, 2023
        New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[4] Because the Court is ordering the detention of the Defendant on dangerousness grounds, the Court need not and does not address risk of flight.