```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :   22 Cr. 76 (LGS)
                   -against-                                :
                                                            :   ORDER
   SIR MURRAY,                                              :
                                         Defendant.         :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

The Government filed seven motions in limine, which are resolved as stated below. Defendant's motions in limine will be addressed in a separate order. All references to rules refer to the Federal Rules of Evidence.

1. **Government's Motion in Limine No. 1** seeks to permit introduction of Defendant's co-conspirators' statements. The motion is granted because Defendant represents that he "will not claim that the government has not met its burden of proof by a preponderance of evidence that such conspiracy existed, and that [Defendant] was a member," subject to Rule 403 analysis.[1]

2. **Government's Motion in Limine No. 2** seeks to permit introduction of evidence of Defendant's and Mr. Justin Rivera's shared gang affiliation, their narcotics trafficking and Defendant's attempt to obtain a gun from Rivera. The motion is granted in part and denied in part as follows:

   a. Shared gang affiliation -- granted. The Government may introduce evidence of

---

[1] Motions that are unopposed will be "granted" rather than "denied as moot" to avoid confusion interpreting rulings on motions that are denied in part and unopposed in part.

      Defendant's and Rivera's shared gang affiliation, subject to Rule 403 analysis as to any particular evidence.

    b. Narcotics trafficking and gun evidence -- denied. The narcotics and gun evidence is not admissible. It is not admissible as direct evidence because it did not "ar[i]se out of the same transaction or series of transactions as the charged offense," is not "inextricably intertwined with the evidence regarding the charged offense" and is "unnecessary to complete the story of the crime on trial." *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012) (citing *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)). Defendant is not charged with any crime involving narcotics or any crime involving a gun, nor has the Government demonstrated that such evidence is intrinsic -- i.e. more than just "relevant" -- to the offense, or story of the crime. Neither is the evidence admissible to show Defendant's motive and intent because, under Rule 403, the evidence is cumulative, potentially confusing and more prejudicial than probative. The evidence has little probative value because Defendant's loyalty to Rivera and his intent to help him are clearly established by less prejudicial evidence, and these issues are undisputed. The suggestion of guns, drugs and criminal activity in general is prejudicial. The jury may be confused by the introduction of criminal activity that is not a part of the charged conspiracy.

3. **Government's Motion in Limine No. 3** seeks to permit introduction of certain evidence concerning the criminal trial of Rivera (the "Rivera Trial"). The motion is granted in part and denied in part. The motion is granted in part because Defendant does not object to evidence that Rivera was tried for a crime in federal court; that Victim-1 testified as an alleged victim of that crime and that the maximum custodial penalty was life. The

motion is denied in that the Government may not introduce testimony that the charge in the Rivera Trial was sex trafficking because it is not relevant for the reasons explained in Defendant's opposition, and is prejudicial under Rule 403 because it may engender antipathy towards Rivera, and consequently towards Defendant by his association with Rivera.

4. **Government's Motion in Limine No. 4** seeks to exclude questioning and evidence about the truth of Victim-1's testimony at the Rivera Trial. The motion is granted because Defendant represents that he does not intend to elicit such evidence "during cross-examination." This evidence is precluded, whether on cross-examination or otherwise, under Rule 403 because it is irrelevant to the claims and possible defense, which turn on Defendant's state of mind and not the actual truth of Victim-1's prior testimony. The evidence would also be confusing and a waste of time, devolving into a mini-retrial of the Rivera Trial.

5. **Government's Motion in Limine No. 5** seeks to exclude questioning and evidence concerning the Government's past immunization of Victim-1 for criminal exposure for sex trafficking. The motion is granted. All discussion of sex trafficking is excluded from the trial under Rule 403, as it has little, if any, probative value to the charge of witness tampering, and by its nature is sensational and therefore prejudicial.

6. **Government's Motion in Limine No. 6** seeks to permit the Government to cross-examine Defendant regarding his prior felony assault convictions in the event he testifies. The motion is granted in part and denied in part. The Government may cross-examine Defendant to elicit that he has prior felony convictions, but the Government may not elicit evidence about the nature of the convictions, the prior trial nor that Defendant

testified in his own defense under Rule 403.  The assaults occurred in 2009 resulting in a 2010 conviction, have little bearing on Defendant's recent conduct, and are prejudicial in suggesting that Defendant has a propensity for violent conduct.  Defendant's prior trial has no probative value, and sharing that another jury rejected Defendant's testimony or credibility is unfairly prejudicial.

7. **Government's Motion in Limine No. 7** seeks to exclude evidence or argument concerning Defendant's family background or other personal factors unconnected to guilt and discussion of punishment.  As to Defendant's background or characteristics, the motion is denied without prejudice.  The Court has insufficient information to rule, as the Government has not identified any particular evidence or facts that it seeks to preclude.  As to any discussion of punishment or consequences, the motion is granted as unopposed.

*       *       *

In sum, it is **ORDERED** that the Government's application to:

(i) permit introduction of Defendant's co-conspirators' statements is GRANTED, subject to Rule 403 analysis;

(ii) permit introduction of evidence of Defendant's and Rivera's shared gang affiliation, their narcotics trafficking and Defendant's attempt to obtain a gun from Rivera is GRANTED as to gang affiliation and DENIED as to narcotics and guns;

(iii) permit introduction of evidence concerning the Rivera Trial is GRANTED as to evidence concerning the fact of the trial, the role of Victim-1 and the maximum penalty and DENIED to the extent that any mention or evidence of sex trafficking is excluded;

4

(iv)     exclude questioning and evidence about the truth of Victim-1's testimony at the Rivera Trial is GRANTED;

(v)     exclude questioning and evidence concerning the Government's past immunization of Victim-1 for criminal exposure for sex trafficking is GRANTED;

(vi)     permit the Government to cross-examine Defendant regarding his prior felony assault convictions in the event he testifies is GRANTED in that the Government may elicit that the Defendant has these prior felony convictions, and is otherwise DENIED;

(vii)     exclude evidence or argument concerning Defendant's family background or other personal factors unconnected to guilt and discussion of punishment is DENIED without prejudice as to family background or personal characteristics and GRANTED as to any discussion of punishment.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 60.

Dated: May 8, 2023
       New York, New York

_(signature)_
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE