```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  UNITED STATES OF AMERICA,                                 :
                                                            :
                                                            :    22 Cr. 76 (LGS)
                          -against-                         :
                                                            :    ORDER
  SIR MURRAY,                                               :
                                            Defendant.      :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendant filed eight motions in limine, which are resolved as stated below. The Government's motions in limine were addressed in a separate order. All references to rules refer to the Federal Rules of Evidence.

1. **Defendant's Motion in Limine No. 1** seeks to identify at trial the person subject to the alleged witness tampering by name, or, if necessary, as "Witness-1." The motion is granted as unopposed. The individual shall be referred to by name at trial.[1]

2. **Defendant's Motion in Limine No. 2** seeks to exclude expert testimony from Detective Nicholas Geroulakis regarding Defendant's gang membership. The motion is granted in part and denied in part. The motion is denied as to Detective Geroulakis's testimony about the meaning of relevant code (which excludes language relevant to the gang name and to narcotics trafficking). The motion is granted as to gang structure, rules and expectations, including the gang name Bloods, all of which are excluded under Rule 403. Such evidence has little, if any, probative value and risks the unfair prejudice that may

---

[1] Motions that are unopposed will be "granted" rather than "denied as moot" to avoid confusion interpreting rulings on motions that are denied in part and unopposed in part.

come with association with a nationally recognized violent street gang. The motion is granted as to narcotics trafficking for the reasons stated under Government's Motion in Limine No. 2. Per the Court's individual trial rules, no party shall move before the jury to "qualify" a witness as an expert. The Government may elicit Detective Geroulakis's experience that provides the basis for his opinion interpreting the language in the text messages.

3. **Defendant's Motion in Limine No. 3** seeks to exclude portions of evidence relating to Defendant's prior incarceration and release. The motion is granted in part and denied in part. At trial, the Government may elicit that Defendant had been, at the relevant time, recently released from incarceration. That Defendant served a thirteen-year sentence is excluded under Rule 403. To the extent the evidence is relevant, it is more prejudicial than probative, as it invites the jury to conclude that Defendant is a bad or dangerous person and invites the jury to speculate about what heinous crime might warrant thirteen years in prison. As applied to the Instagram text messages, any reference to the thirteen years shall be redacted. The Government may annotate the redacted messages, only insofar it is necessary, to preserve the suggestion that Defendant had been recently released from prison.

   a. In n.18 of the parties' Joint Requests to Charge, Dkt. No. 66, the Government contends: "Should the defendant argue in jury addresses, through cross-examination, or through a defense case that the defendant's intent was for the victim to testify truthfully, it is the Government's position that the fact that the defendant was in custody during the events underlying the trial of Justin Rivera and during the trial itself bear directly on his [knowledge of the truth and therefore his] intent." *See also*

Dkt. No. 63 at 20-21. The Government's request to introduce evidence that Defendant was incarcerated during the events underlying the prior trial as well as during the prior trial -- excluding reference to the length of his prison sentence -- is granted should Defendant open the door as suggested.

4. **Defendant's Motion in Limine No. 4** seeks to permit introduction of certain out-of-court statements made by Defendant. The motion is denied without prejudice because Defendant has not identified any particular texts to be introduced.

5. **Defendant's Motion in Limine No. 5** seeks to require the Government to make available to defense counsel the co-conspirator statements it intends to offer. The motion is granted as unopposed.

6. **Defendant's Motion in Limine No. 6** seeks to exclude evidence of prior criminal and bad acts as direct evidence. The motion is granted in part and denied in part as follows:

   a. Assault of corrections officers -- granted. *See* Government's Motion in Limine No. 6.

   b. Possession of a controlled substance -- granted. The evidence is excluded under Rule 403 as it is not relevant, and is therefore more prejudicial than probative.

   c. Narcotics trafficking -- granted. *See* Government's Motion in Limine No. 2.

   d. Firearm -- granted. *See* Government's Motion in Limine No. 2.

   e. Fraternization with others -- granted in part and denied in part. Such evidence is excluded except to the extent allowed as "limited evidence of shared gang affiliation."

   f. Contraband -- granted, for substantially the same reasons that evidence of narcotics trafficking and gun evidence is excluded as stated in denying the Government's Motion in Limine No. 2.

7. **Defendant's Motion in Limine No. 7** seeks to exclude, on cross-examination, questions relating to Defendant's Motion in Limine No. 6(c), (d) and (e), (regarding narcotics trafficking, firearm and fraternization, *supra*), as well as to various prior convictions. The motion as it relates to Defendant's Motion in Limine No. 6(c), (d) and (e) are granted, or granted in part, consistent with the above. The remainder of the motion involving prior convictions is granted in part and denied in part as follows:

   a. Possession of a controlled substance -- granted. *See* Government's Motion in Limine No. 2.

   b. Assault of corrections officers -- granted in part and denied in part. *See* Government's Motion in Limine No. 6.

   c. Possession of prison contraband -- granted. Both 2010 convictions were misdemeanors carrying penalties not more than one year, and neither required proving a dishonest act or false statement. *See* Rule 609(a)(2). Any probative value of these convictions is outweighed by the risk of substantial prejudice to Defendant by suggesting that he has a propensity to be a rule and law breaker.

   d. Robbery -- granted. Defendant committed this offense when he was sixteen years old, and more than ten years have passed since he completed his sentence for the offense. *See* Rule 609(b). To the extent the evidence has any probative value, it is substantially more prejudicial to Defendant by suggesting that he has a long history of lawlessness and is a violent person.

   e. Harassment -- granted as unopposed.

   f. Misdemeanor assault -- granted as unopposed.

   g. NOTE -- The Government may elicit that Defendant has prior felony convictions and

nothing more. However, if Defendant "opens the door" by explicitly referencing any particular conviction and its underlying conduct in his opening statement, questioning of a witness, or his own testimony, then the Government may cross-examine about such conviction and conduct, provided that the Government first seeks confirmation from the Court that it may do so.

8. **Defendant's Motion in Limine No. 8** seeks to require the Government to make available to defense counsel the offenses that it alleges were committed by Defendant as relevant to the affirmative defense described in 18 U.S.C. § 1512(e). The motion is granted as unopposed.

*   *   *

In sum, it is **ORDERED** that Defendant's application to:

(i) identify at trial the person subject to the alleged witness tampering by name is GRANTED;

(ii) exclude expert testimony from Detective Geroulakis regarding Defendant's gang membership is DENIED as to Detective Geroulakis's testimony about the meaning of relevant code (which excludes language relevant to the gang name and to narcotics trafficking), GRANTED as to gang structure, rules and expectations, including the gang name Bloods and GRANTED as to narcotics trafficking;

(iii) exclude portions of evidence relating to Defendant's prior incarceration and release is DENIED as to release and GRANTED as to the length of his sentence;

(iv) permit introduction of certain out-of-court statements made by Defendant is DENIED without prejudice;

5

(v)      require the Government to make available to defense counsel the co-conspirator statements it intends to offer is GRANTED;

(vi)      exclude evidence of prior criminal and bad acts as direct evidence is GRANTED, except DENIED IN PART as to fraternization with others consistent with the Court's ruling on Government's Motion in Limine No. 2 concerning shared gang affiliation;

(vii)      exclude, on cross-examination, questions relating to Defendant's Motion in Limine No. 6(c), (d) and (e), (narcotics trafficking, firearm and fraternization) as well as to various prior convictions, is GRANTED except as to limited evidence of shared gang affiliation and that Defendant has prior felony convictions.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 59.

Dated: May 8, 2023
       New York, New York

                                         LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE