

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 12, 2023

**By ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Murray, S1 22 Cr. 076 (LGS)**

Dear Judge Schofield:

The Government respectfully submits this letter to request the Court rule *in limine* that, in light of the Court's ruling of earlier today, the Government be permitted to introduce two additional portions of messages between Sir Murray, the defendant, and Victim-1.[1] Admission of these two additional portions of messages—set forth on pages 688-89 and 694, respectively—is necessary to add critical context to chats the Court deemed admissible earlier in which the defendant purports to offer sympathy or care for Victim-1.

## I. Background

On or about July 19, 2015, Victim-1 was kidnaped, brutally beaten, and questioned by her kidnappers about Justin Rivera's potential involvement in a triple homicide that occurred on June 3, 2015. The kidnappers had been chasing and shooting at a car that Victim-1 was driving and in which Rivera was the passenger. At a certain point, Victim-1 stopped the car, Rivera ran out of the car and escaped being kidnapped, and the kidnappers captured Victim-1.

The kidnappers believed that Rivera was responsible for the triple homicide and were attempting to locate and exact retribution on Rivera. They hoped that their kidnapping of Victim-1 would lead them to Rivera. The next day, Victim-1 was released from the kidnapper's custody. The kidnapping occurred contemporaneous to Rivera's sex trafficking of Victim-1.

In November 2021, in the course of her chats with the defendant, Victim-1 twice referenced her kidnapping and belief that she had protected Rivera from retribution by the kidnappers by not disclosing Rivera's location to the kidnappers, and asked the defendant, in substance, why she should help Rivera get out of jail in light of the fact she had been kidnapped and beaten due to her relationship with Rivera.

[1] All capitalized terms not otherwise defined herein carry with them the meaning ascribed to them in the Government's motions *in limine*.

In preparing Government Exhibit 305 for trial, the Government intended to redact Victim-1's discussion of her kidnapping *and* the defendant's reaction to that discussion. Earlier today, the Court ordered that the defendant's reaction to Victim-1's references to her kidnapping were admissible. The Court did not issue a ruling—presumably, because no party asked the Court to do so—concerning the admissibility of Victim-1's statements about her kidnapping. For the reasons set forth below, the Government submits that two portions of Victim-1's statements about her kidnapping should be admitted at trial.

## II. The Excerpt on Pages 686-687 Is Admissible to Explain the Defendant's Apology to Victim-1

Victim-1's statements on pages 686 and 687 of Government Exhibit 305, which is attached as an exhibit hereto with highlighting applied to those portions the Government seeks to admit,[2] include Victim-1 asking the defendant why she should help Rivera by recanting her testimony in light of the fact that Rivera was the cause of the kidnappers shooting her car and that he left her behind to be beaten by kidnappers. In relevant part, Victim-1 stated:

> **Author** cheeeeeetah (Instagram: 30562914)
> **Sent** 2021-11-12 13:41:38 UTC
> **Body** The same nigga that got my car shot up frmhis beef
>
> **Author** cheeeeeetah (Instagram: 30562914)
> **Sent** 2021-11-12 13:41:40 UTC
> **Body** And left me
>
> **Author** cheeeeeetah (Instagram: 30562914)
> **Sent** 2021-11-12 13:41:45 UTC
> **Body** I got my ass whopped
>
> **Author** cheeeeeetah (Instagram: 30562914)
> **Sent** 2021-11-12 13:41:48 UTC
> **Body** For him
>
> **Author** cheeeeeetah (Instagram: 30562914)
> **Sent** 2021-11-12 13:41:51 UTC
> **Body** Cause they want him

---

[2] Because the full exhibit includes several messages that will remain redacted at trial, the Government is filing Government Exhibit 305 under seal.

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:42:15 UTC
**Body** [Victim-1] sent a photo.[3]

Earlier today, the Court ruled that the very next message, which was sent by the defendant, should be admissible. That message reads: "Im srry all that happend to u but this aint ya redemption love." The Government had sought to exclude this statement from admission at trial because without its preceding messages, which could explain what Victim-1 might be seeking redemption from, the jury will be led to speculate about what happened to Victim-1 and why, exactly, the defendant is apologizing. The defendant's message also could be interpreted to mean that the defendant believed Victim-1 had sought some form of redemption for wrongful acts by

[3] To protect the privacy of Victim-1, the Government has redacted the picture that Victim-1 sent the defendant in the version of this letter filed via ECF. The Government will file an unredacted version of this letter under seal.

testifying against Rivera at trial—*i.e.*, that she was motivated to testify falsely in order to be redeemed for some prior bad act.

Now that the defendant's apology and statement that "this aint ya redemption" will be introduced at trial, the defendant's statement can only be placed into context by admitting the statements to which he was responding. *First*, the phrase "this aint ya redemption" implies that Victim-1 requires "redemption" because she committed some wrongful act and, therefore, is in need of being saved from that wrongful act—*i.e.*, to be redeemed. But the messages that precede the defendant's statement that "*this* aint ya redemption" (emphasis added) imply the opposite of Victim-1 committing some wrongful act: they show that she was the victim of a kidnapping committed by others.

*Second*, to the extent the defendant wishes to argue that his statement "this aint ya redemption" reflects that the defendant believed that Victim-1 was willing to be coerced by Government actors to testify falsely against Rivera because of some animus toward him, the preceding messages help underscore the absurdity of such a belief. Those preceding messages reveal Victim-1 putting the defendant on notice that Victim-1's kidnappers were not successful in coercing her into implicating Rivera in a triple homicide. Victim-1's statements that her kidnapper's attempted coercion did not succeed bears directly on the sincerity of the defendant's purported belief that coercion by the Government succeeded in bullying Victim-1 into testifying against Rivera at trial.

*Third*, the Government should be permitted to question the sincerity of the defendant's "apology" to Victim-1 and argue it is yet another tactic by the defendant to try to manipulate Victim-1 into recanting her testimony. His "apology" lacks any indication whatsoever that the defendant had any knowledge or understanding of the kidnapping, or even any curiosity about the kidnapping that Victim-1 reported to him. Similarly, the Government should be permitted to highlight that the defendant's Instagram chats contain no evidence of him ever questioning Rivera or anyone else about Victim-1's report concerning her kidnapping.

Finally, consistent with the Court's earlier ruling and order that Victim-1 can testify about the other witnesses who testified at Rivera's trial, and about how she was with Rivera "for 6-8 months," without reference to sex trafficking, Victim-1 can testify about the fact of her kidnapping without reference to sex trafficking. (She similarly can testify about the fact of her kidnapping without reference to the triple homicide, as she did at the trial before Judge Engelmayer.) Moreover, the defendant himself should suffer no undue prejudice from the admission of these messages. Victim-1 makes no suggestion that the defendant was involved in her kidnapping. In addition, the Court can instruct the jury that the defendant is not on trial for Victim-1's kidnapping, and that Victim-1's statements about her kidnapping are being offered because the defendant's reaction to those statements bears on his state of mind.

## III. The Excerpt on Pages 694 Is Admissible to Explain the Defendant's Statement that Victim-1 Should "Heal" and Avoid "Drama"

Victim-1's statements on page 694 similarly should be admitted to avoid any juror confusion relating to the Court's admission earlier today of a statement by the defendant that

instruct Victim-1 to put her kidnapping in the "past." On page 694, Victim-1 described how she "got beat to pulp" and "took the ass whooping" for Rivera, as follows:

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:53:30 UTC
**Body** Like cmon

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:53:37 UTC
**Body** That's why I got beat to a pulp

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:53:49 UTC
**Body** And I didn't. Set him up

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:53:53 UTC
**Body** I took the ass whooping

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:53:56 UTC
**Body** The drugging

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:54:01 UTC
**Body** The violation

**Author** cheeeeeetah (Instagram: 30562914)
**Sent** 2021-11-12 13:54:03 UTC
**Body** I took it

The Government initially did not intend to offer the foregoing messages, but the Court has now admitted the responses by the defendant to these messages "for context" and which demonstrate the defendant asking Victim-1 to put her kidnapping "in the past." The relevant messages that the Court admitted earlier today from the defendant are:

**Author** son.of.zeuss_ (Instagram: 48213288851)
**Sent** 2021-11-12 13:54:12 UTC

**Body** All thats in the past

**Author** son.of.zeuss_ (Instagram: 48213288851)
**Sent** 2021-11-12 13:54:18 UTC
**Body** U a diffrent person

. . . . .

**Author** son.of.zeuss_ (Instagram: 48213288851)
**Sent** 2021-11-12 13:54:25 UTC
**Body** Wit diffrent goals

Absent Victim-1's preceding messages in which she explains to the defendant her kidnapping, the jury will be left to speculate what, precisely, is "in the past" and how Victim-1 is a "different person" today than she was in the past. The jury may also be tempted to infer that, in encouraging Victim-1 to move on from past events, the defendant is encouraging her to come to terms with something for which Victim-1 is blameworthy—or some bad act over which Victim-1feels enormous guilt. The jury, thus, may infer that the defendant is acting with pure motivations to help Victim-1 become a better person.

As noted above, however, the preceding messages show the opposite of Victim-1 needing to move "past" an event for which she is blameworthy. To the contrary, the defendant is asking her to move "past" her own victimization. That the defendant is asking Victim-1 to place *her kidnapping* in the past is critical to the jury understanding the defendant's state of mind. Absent such context, the Government will be hamstrung in its ability to point out to the jury, for example, that the defendant appears not to have made any inquiry about whether Victim-1's statements are true, and did not ask any questions of Victim-1 about what happened to her. The defendant's failure to ask Rivera or Victim-1 (or anyone else) for details about the kidnapping bears heavily on his true intent in stating to Victim-1 that "All thats in the past." But the Government can only argue such an inference is appropriate if the jury is aware that the defendant was responding to messages by Victim-1 about her kidnapping.

For the reasons set forth above concerning the portions of Government Exhibit 305 the Government seeks to admit on pages 686-87, the portions of the Government Exhibit 405 on page 694 is admissible under Rule 403.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/
Lisa Daniels / Daniel H. Wolf
Assistant United States Attorneys
(212) 637-2955 / 2337

cc: Defense counsel (by email)

The Government's application to permit introduction of the messages identified herein is **DENIED** under Rule 403. The evidence -- which includes reference to Victim-1's car being "shot up" and her "drugging" -- is potentially confusing and more prejudicial than probative. The suggestion of guns, drugs and other criminal activity, even if not attributed to Defendant, is prejudicial, and the jury may be confused by needless detail of criminal activity not part of the charged offense.

At trial, the Government may elicit from Victim-1 an explanation of any messages that are admitted, and in doing so, Victim-1 may reference the event at issue -- i.e., that she was beat up on account of Mr. Rivera -- without referencing details such as the kidnapping, shooting or drugging. To the extent necessary, the Government may lead the witness in questions related to this subject.

Dated: May 13, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE